GEORGE W. SPRAGUE v. FRANK C. FULLER ET AL.

FILED FEBRUARY 1, 1893. No. 4116.

Ejectment: PROOF OF ADVERSE POSSESSION: REVIEW. Evidence examined, and *held* to sustain the finding and decree of the district court.

ERROR from the district court of York county. Tried below before NORVAL, J.

*George B. France* and *N. V. Harlan,* for plaintiffs in error.

*L. W. Osborn* and *W. H. Farnsworth, contra.*

POST, J.

This was an action by the defendants in error in the district court of York county to recover possession of lot No. 5, in block No. 42, in the city of York. The issues in the district court involved the rights of numerous defendants, who claimed title to separate subdivisions of the lot above described, but the controversy in this court is limited to the north half thereof. It is conceded that the defendants in error have shown a perfect chain of title in themselves from the United States, their immediate grantor being D. N. Smith, who conveyed to them by warranty deed on the 16th day of July, 1871. The defense relied upon by the plaintiff in error is adverse possession in himself and grantors under color of title for more than ten years last preceding the commencement of the action. On the 14th day of September, 1874, the said lot 5 was sold for taxes by the treasurer of York county to James Wildish, to whom a certificate was issued in due form. On the 17th day of August, 1877, a treasurer's deed was executed to Polly Ann Richardson, assignee of said certificate, through whom plaintiff in error claims by means of certain *mesne* conveyances. It is admitted by counsel for plaintiff in error that the treasurer's deed to Mrs. Richardson is void and insufficient to pass the title to the property in controversy, but it is claimed that it gives color of title and is sufficient to enable her and her grantees to avail themselves of the provisions of the statute of limitations as against the defendants in error. The last proposition may be con-

Sprague v. Fuller.

ceded, we think; still, the judgment is right and must be affirmed. There is a clear failure of proof of adverse possession for the statutory period. It is true that Mrs. Richardson is shown to have resided upon lot 5 as early as July, 1877, but it is clear from her testimony that she never held or claimed the north half of said lot adversely to defendants in error. On her direct examination she says: "Why, I bought one-half of the lot from Mr. Moore, and he said at some future time I could sign it over to his wife, and he sent Mr. Penn and Ray to me to sign a deed, and I signed that deed before I knew what I was doing." It should be stated in this connection that the witness evidently refers to the assignment to her of the tax certificate above mentioned by Moore, who held by assignment from Wildish, the purchaser. It also appears that she conveyed the north half of said lot to William Penn and Charles Ray, through whom plaintiff in error claims, on the 1st day of September, 1877. Again, the witness says: "When I bought the whole lot I paid—if I bought the whole lot I was to pay $60 for it, and if I only took half I paid $30." Again, on cross-examination, she is asked:

Q. And you never received anything for it [the north half]?

A. No, sir.

Q. Well, that is not an answer to the question?

A. If I bought the north lot?

Q. Yes.

A. I bought the north lot.

Q. And that you only claimed the south half?

A. That is all I did claim or ever will.

We are satisfied from the evidence in the record that the agreement between the witness and Mr. Moore was that she should purchase a half of the interest of the latter in the lot by virtue of the tax certificate, and on the execution to her of a deed, by the treasurer, hold title to one-half of the lot in trust for him, and that the deed to Penn

and Ray was but the execution of said trust.    The earliest date, therefore, from which plaintiff in error can claim adverse possession in his grantors is September 1, 1877, when Penn and Ray went into possession, under their deed above mentioned, and which is less than ten years prior to the commencement of the action.

2. It is argued that one of the defendants in error, Jones, did not authorize the bringing of the action.    But the proof does not sustain said claim, even admitting it to be material under the issues.    The testimony of Messrs. Osborn and Farnsworth, attorneys for defendants in error, who were examined by plaintiff in error, is to the effect that they have never had any communication with Mr. Jones, and did not know his residence; that the action was brought under the direction and employment of Mr. Fuller.    The presumption is that the latter had authority to act in behalf of his co-plaintiff.    The judgment of the district court is right and should be

AFFIRMED.

MAXWELL, CH. J., concurs.

NORVAL, J., not sitting.